UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KEVIN JASON INGRAM, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:13-CR-45-TAV-DCP-9 |
| | ) | 3:15-CV-334-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Kevin Jason Ingram's motion, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [Doc. 1471].[1] Petitioner is proceeding pro se, and despite his being advised on September 21, 2015, to file his supporting memorandum "as soon as reasonably possible" [Doc. 1473], he has not done so. Accordingly, the Court will proceed to rule in its absence.

Petitioner's motion asserts three grounds for relief: first, that his counsel was ineffective for failing to advise him of his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq.; second, that his counsel was ineffective for allowing him to plead guilty to a possession-of-a-firearm offense under 18 U.S.C. § 924(c)(1)(A), of which Petitioner now claims to be actually innocent; and third, that the magistrate judge's tolling of the speedy-trial clock was erroneous and therefore violated his Sixth Amendment speedy-trial rights. Because none of these arguments is meritorious, relief under § 2255 is not warranted.

---

[1] Record citations refer to Ingram's criminal case, 3:13-cr-45-TAV-DCP-9.

## I. Factual and Procedural Background

On March 19, 2013, a grand jury returned an indictment charging Petitioner and forty-one codefendants with matters relating to a conspiracy to manufacture and sell methamphetamine [Doc. 3]. Petitioner was himself charged with, as relevant here: conspiring to manufacture at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). His trial was initially set for May 14, 2013 [Doc. 18]. On May 1, 2013, codefendant Lawrence Scriber moved to continue the trial date due to the large volume of discovery involved [Doc. 422]. Petitioner "agreed that a trial continuance was necessary" [Doc. 429]. The magistrate judge rescheduled the trial for September 3, 2013, and determined that the interim period, i.e., the time between Scriber's motion and the new trial date, was excludable for the purposes of the Speedy Trial Act [*Id.*].

Petitioner pleaded guilty, in accordance with a plea agreement, to the lesser-included offense of conspiring to manufacture at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) [Doc. 466]. Under the plea agreement, Petitioner waived his rights to appeal and to file motions under § 2255, except insofar as those motions raise claims of ineffective assistance of counsel or prosecutorial misconduct [*Id.*, ¶ 11 ]. At his change-of-plea hearing, on July 2, 2013, Petitioner stated that he had read and understood the factual basis contained in the plea

agreement, agreed that those facts were true, and was pleading guilty because he was, in fact, guilty [Doc. 1490 at 13]. He also stated he had fully discussed the case with counsel, with whose representation he was satisfied, and that he understood the legal rights abandoned by his pleading guilty [*Id.*]. The Court found that Petitioner's plea was knowing and voluntary and thus accepted it and adjudicated him guilty [*Id.*].

On June 16, 2014, Petitioner's counsel moved to withdraw his representation, citing irreconcilable disagreements and a breakdown in communication [Doc. 1280]. Specifically, Petitioner's counsel stated, "Defendant Ingram has expressed a desire to withdraw his plea. Almost immediately after he entered his plea, Defendant Ingram has protested the fact that he pled to a gun charge in this case." [*Id.*]. After holding a hearing, the motion was granted on June 24, 2014, and Petitioner was appointed new counsel [Doc. 1297]. It appears that Petitioner never in fact moved to withdraw his guilty plea.

A sentencing hearing was held on July 24, 2014, at which the Court imposed a sentence of 63 months for the drug offense and 60 months for the possession-of-a-firearm offense, to run consecutively, for a total of 123 months' imprisonment [Doc. 1314].[2] Judgment was entered on July 30, 2014 [Doc. 1317]. This timely motion under 28 U.S.C. § 2255, filed on July 30, 2015, followed [Doc. 1471].

---

[2] The sentence for the drug-offense count was later reduced to 60 months on Ingram's motion and in light of an amendment to the Sentencing Guidelines [Doc. 1695].

Petitioner's motion alleges three grounds for relief: (1) that his counsel was ineffective for failing to advise him of his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq.; (2) that his counsel was ineffective for allowing him to plead guilty to the possession-of-a-firearm offense, of which Petitioner now claims to be actually innocent; and (3) that the magistrate's tolling of the speedy-trial clock violated his speedy-trial rights under the Sixth Amendment. For the reasons explained below, relief is not warranted.

**II.     Analysis**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, Petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). It is well settled that claims of ineffective assistance of counsel are cognizable under § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

Furthermore, an ineffective-assistance-of-counsel claim may be used to litigate a constitutional violation even where the underlying claim like, for instance, the Speedy Trial Act violation at issue here, "cannot otherwise be reviewed for the first time on a § 2255 motion." *Sylvester v. United States*, 868 F.3d 503, 509 (6th Cir. 2017).

A. **Ineffective Assistance of Counsel**

A petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide reasonably "effective assistance," as measured by "prevailing professional norms." *Huff*, 734 F.3d at 606. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no

5

effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs [of Strickland], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (emphasis in original).

Where the alleged error influenced the petitioner's decision to plead guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). To demonstrate a reasonable probability that he would have gone to trial, the petitioner must present evidence, apart from a lone assertion, that but for counsel's error he would have pleaded not guilty and gone to trial. *Id.* at 59. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (internal quotation omitted). Therefore, "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [the advice of competent counsel]." *Id.* at 57 (internal quotations marks and citations omitted).

Here, Petitioner argues that his counsel was ineffective in two respects. First, he claims that his counsel did not advise him of his rights under the Speedy Trial Act. Second, he claims that his counsel advised him to plead guilty to the possession-of-a-firearm offense when he was actually innocent of that offense. Neither claim has merit.

### 1. Speedy Trial Act

Petitioner's counsel was not constitutionally ineffective for assertedly failing to advise him of, or enter an objection based upon, Petitioner's rights under the Speedy Trial Act. This is primarily because there was no violation of the Speedy Trial Act, which "generally requires a federal criminal trial to begin within seventy days after a defendant is charged or makes an initial appearance, but . . . contains a detailed scheme under which certain specified periods of delay are not counted." *United States v. Brown*, 498 F.3d 523, 529 (6th Cir. 2007) (citations omitted). As relevant here, the Speedy Trial Act deems excludable:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Here, Petitioner's initial appearance was on March 21, 2013, at which point his speedy-trial clock began [Doc. 18]. *See* 18 U.S.C. § 3161(c)(1).

7

Petitioner's trial date was initially scheduled for May 14, 2013 [*Id.*]. On May 1, 2013, codefendant Lawrence Scriber moved for a continuance, due to the large volume of discovery involved, and Petitioner, through his counsel, "agreed that a trial continuance was necessary" [Docs. 422, 429].³ The magistrate judge rescheduled the trial for September 3, 2013, and determined that the delay was excludable for the purposes of the Speedy Trial Act [Doc. 429]. In accordance with 18 U.S.C. § 3161(h)(7)(A), the magistrate judge found "that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial" [*Id.*]. Specifically, the magistrate judge reasoned that the amount of discovery was significant and that there was at least one pending pretrial motion, with the possibility that more might be filed [*Id.*]. A continuance was necessary, so the magistrate judge reasoned, to give the parties time to secure rulings on the pretrial motions and then prepare for trial in light of those rulings [*Id.*]. Petitioner does not challenge that determination, and it appears to be correct. Thus, the only non-excludable delay was from March 21 to May 1, fewer than the seventy days permitted by the Speedy Trial Act.

Because there was no violation of the Speedy Trial Act, Petitioner's counsel did not run afoul of either part of the ineffective-assistance-of-counsel standard articulated in

---

³ The Speedy Trial Act does not specifically label as excludable time resulting from a continuance granted on a codefendant's motion, but the Sixth Circuit has recognized "the general rule that the excludable delay of one codefendant is excludable delay for all codefendants," *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009). Thus, at least where, as here, the complaining defendant or his counsel consents to the motion, a continuance requested by a codefendant and judged to serve the ends of justice is excludable time under The Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

8

*Strickland*.[4] Petitioner's counsel would have had no reason to advise Petitioner of his rights under that Act, nor to object on that basis, so his performance was not deficient. Moreover, because there was no underlying violation of the Speedy Trial Act, Petitioner was not prejudiced. In *Sylvester v. United States*, 868 F.3d 503 (6th Cir. 2017), the Sixth Circuit held that, although the defendant's counsel had rendered deficient performance for not adequately arguing for an actual violation of the Speedy Trial Act, "Because Sylvester cannot show that the trial court would have dismissed the First and Second Superseding Indictments with prejudice, he has not shown that he was prejudiced by his counsels' deficient performance." *Id.* at 511–12. Here, given that there was no violation of the Speedy Trial Act at all, Petitioner has similarly failed to show that his indictment would be dismissed with prejudice. Thus, under *Sylvester*, Petitioner has not demonstrated the prejudice required to obtain relief under *Strickland*.

### 2. Actual Innocence

Petitioner also claims that, because he was actually innocent of the possession-of-a-firearm offense, his counsel was constitutionally ineffective for advising him to plead guilty to it. But because Petitioner's actual-innocence claim, on which this ineffective-

---

[4] In *Sylvester*, the Sixth Circuit applied the usual *Strickland* standard for assessing prejudice, rather than *Hill*'s modified version that applies to guilty pleas. Ingram's ineffective-assistance-of-counsel claim based on the Speedy Trial Act does not appear to be "a challenge to [his] guilty plea," or a claim that his plea was unknowing and involuntary, as *Hill* contemplates. 474 U.S. at 57–58. Thus, *Strickland*, rather than *Hill*, also provides the proper prejudice standard for this claim. In any event, Ingram was also not prejudiced under the *Hill* standard, because he has failed to articulate why he would have pled not guilty and gone to trial had his counsel advised him of his rights under the Speedy Trial Act, which were not implicated in his case and thus would have had no impact if raised.

9

assistance-of-counsel claim is based, is wholly unsubstantiated, counsel's advising Petitioner to plead guilty was not ineffective.

The standard for actual-innocence claims is high: to demonstrate actual innocence, a petitioner must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). In *Bousley*, the Supreme Court emphasized that "actual innocence means factual innocence, not mere legal insufficiency." *Id.* (quotation omitted).

Here, Petitioner claims to be actually innocent of 18 U.S.C. § 924(c)(1)(A), which prohibits the possession of a firearm in furtherance of a drug-trafficking crime. However, there is no evidence in the record that Petitioner is actually innocent of the that offense; rather, there is only Petitioner's bald, factually unsubstantiated assertion that he "did not have possession of such firearm for any such purpose" [Doc. 1471]. That is not enough to make out a claim of actual innocence. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Tribble v. United States*, No. 1:05-CR-33, 2010 WL 2572041, at *9 (E.D. Tenn. June 21, 2010) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).

Moreover, it is evident from Petitioner's statements during his plea colloquy [Doc. 1490], and his failure to object to the specific facts contained in the Presentence Report [Doc. 1010], that a reasonable jury could have found him guilty of violating § 924(c) had

this case gone to trial. At his change-of-plea hearing, the government proffered the following as the factual basis for Petitioner's use-of-firearm charge:

> Inside the Defendant's residence agents also found several firearms and ammunition, including a strategically placed and easily accessible loaded Glock nine-millimeter, semiautomatic pistol and a loaded Mossburg shotgun, both of which were in close proximity to the methamphetamine manufacturing equipment, chemicals, and materials.
> . . . Defendant admits that he knowingly possessed the loaded firearms and that they served to facilitate and protect Defendant's participation in the methamphetamine manufacturing conspiracy.

[Doc. 1490 at 13]. Petitioner stated that he understood the Government's case against him, agreed with the Government's summary of what he had done, and understood the elements of the offense and the sentence it carried [*Id.*]. He further stated that he had told his lawyer everything he knew about his case [*Id.*]. He pleaded guilty to the offense, and indicated that he did so because he was, in fact, guilty [*Id.*]. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, these same facts are reiterated in the Presentence Report [Doc. 1010], to which Petitioner did not object [Doc. 876]. Based on the above, and in the absence of any evidence to the contrary, a reasonable jury could have convicted Petitioner for the offense of which he now claims to be actually innocent.

Finally, Petitioner's claim of actual innocence appears to imply that those statements made during his plea colloquy were untruths told under the advice of his counsel. That serious allegation is unsubstantiated. Petitioner provides no specifics about what facts he told to, or the advice he received from, his counsel. Rather, he offers only the bare assertion that he "was advised by counsel (ineffective) to plead to count 10 (ten)

11

of the indictment," although he was actually innocent of that offense. Because it is Petitioner's burden to establish that his counsel's actions were deficient, *see Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003), without more specifics, the Court cannot presume that Petitioner's attorney suborned perjury by advising his client to lie in open court. *Cf.* E.D. Tenn. L.R. 83.6 (adopting "[t]he Rules of Professional Conduct adopted by the Supreme Court of Tennessee"); Tenn. R. Prof. Cond. 3.3(e). Petitioner has thus not overcome the strong presumption that his counsel's conduct was within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579–80 (6th Cir. 1992).

Because Petitioner has not demonstrated his actual innocence, he has not shown that his counsel made any error at all, let alone a constitutionally deficient one, by advising him to plead guilty to possessing a firearm in furtherance of a drug-trafficking offense, in violation of § 924(c). Petitioner's ineffective-assistance-of-counsel claim on that basis therefore fails.

### B. Sixth Amendment Speedy Trial Clause

Petitioner's argument that the magistrate judge improperly tolled his speedy-trial clock, in violation of his Sixth Amendment speedy-trial rights, is waived. According to Petitioner's plea agreement, he "knowingly and voluntarily waive[d] the right to file any motion or pleadings pursuant to 28 U.S.C. § 2255," except for "claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time

of the entry of judgment" [Doc. 466]. Petitioner's Sixth Amendment speedy-trial claim is neither, and it is therefore waived.

Keeping in mind that pro se post-judgment filings are often construed liberally, *see, e.g.*, *United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (citing *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002)), to the extent Petitioner's motion alleges that his counsel was constitutionally deficient for failing to advise Petitioner of his Sixth Amendment speedy-trial rights, that claim also fails. There was simply no violation of the Sixth Amendment speedy-trial clause. To claim a Sixth Amendment speedy-trial violation, a defendant must first show a delay that is "uncommonly long," otherwise, "judicial examination ceases." *United States v. Ferreira*, 665 F.3d 701, 705 (6th Cir. 2011) (quoting *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006)). Petitioner's initial appearance was on March 21, 2013 [Doc. 18], and even after the continuance, his trial was set for September 3 of that same year [Docs. 422, 429], resulting in a total delay of less than six months. This is not an uncommon delay, and under the Sixth Circuit's precedents, it is an acceptable one. *See United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (nine-month delay non-prejudicial in matter with multiple defendants and pretrial motions); *see also United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007) ("The nearly ten-month delay here is likely right at the line to trigger an analysis of the remaining factors."). Accordingly, this claim, to the extent it is raised, fails. *See Ferreira*, 665 F.3d at 705.

### III. Conclusion

The Court finds that Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside, or correct sentence [Doc. 1471] will be **DENIED**. This action will be **DISMISSED**. The Court also will **DENY** as moot Petitioner's Motion for Extension of Time and Stay of Proceedings Pending Submission of Petitioner's Response [Doc. 1505], Motion for Production of Documents [Doc. 1508], and Motion for Leave to Proceed in Forma Pauperis [Docs. 1509].

The Court now must consider whether to issue a certificate of appealability should Petitioner file a notice of appeal, since he may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability depends on whether Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be frivolous. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate judgment shall enter.

IT IS SO ORDERED.

                                           s/ Thomas A. Varlan
                                           CHIEF UNITED STATES DISTRICT JUDGE